# EXHIBIT A

Captain Wayne Ford                                              30 Sept 00
C.E.R.T. Commander


Sir,

I have been informed that the Warden from the Brooklyn Correctional Institution contacted you in regard to dismissing Officer Chris Robinson from the CERT team for insubordination. I am writing to clarify and provide supporting documentation as to why the Warden's allegations and credibility have no merit.

Officer Robinson was attempting to turn off lights in a closet in the support corridor. There were several bags of empty soda bottles in his way as there had been in the past. While walking toward the back of the closet, he slipped on the bags injuring his knee.

On a previous date, he notified Lt. Bell that the bags made it difficult to walk through the closet and he inquired as to where the bags could be moved. Lt. Bell instructed him to leave the bags in the closet, as he was unsure as to where they should be stored.

Upon completing his incident report, Robinson documented his prior conversation with Lt. Bell. This portion of his report showed that the management knew of a pre-existing potential hazardous condition and failed to take action. Upon reviewing his incident report, Lt. Lalumiere instructed Robinson to rewrite the incident report and delete the portion that showed that the problem was brought to management's attention in the past. Officer Robinson did not change his statement and went to seek advice from the next supervisor in his chain of command. He later received a formal counseling letter for failing to delete this portion of his incident report.

As we know, incident reports are legal statements that may be called into court or other legal proceedings. Per administrative directive 6.6, incident reports are to be completed by the first person that witnessed the incident. It is not to be completed by a supervisor via dictation. The supervisor is required to complete a summary and may utilize that forum for drawing conclusions.

In the counseling statement, the Warden cited that the prior conversation was not pertinent to the incident. However Robinson felt it was as it documented management's knowledge of a pre existing hazardous condition relative to his current injury.

The administration at Brooklyn was forced to remove the counseling statement as I had contacted the Labor Relations unit, the States' Attorney, State Senator Edith Prague and the Ethics Commission. These individuals all agreed that the counseling had no merit and must be removed. Additionally, as Robinson reported a safety complaint, he is covered by the William's – Steiger Occupational Safety Act, 29 U.S.C. 651 section ©, which provides explicit protection for employees exercising their rights including making safety and health complaints.

I thank you for your understanding in this matter as it appears the Warden is only trying to satisfy her ego rather then comply with Administrative directive 2.6 employee discipline. I would also like to advise you that it appears that the administration is attempting to set Robinson up for discipline as supervisors are unlocking doors after he has conducted security checks.

This letter is free to you to do as you wish. There has not been and will not be a grievance filed for the Warden contacting you. This correspondence is only being forwarded to you and Officer Robinson. It is my hope that CERT will continue its tradition in adhering to the directives rather then satisfy a Warden's ego. Thank you for your time. Feel free to contact me at 860-546-9050 or 860-779-2600 should you require any further assistance or information.

Respectfully,
John Boyle Steward 1565

# EXHIBIT B

# GRIEVANCE FORM
NP-4 / AFSCME Local 1565

STATE OF CONNECTICUT
Department of Correction

**FOR OFFICIAL USE ONLY**
Union Code: 2175
Brooklyn CI

RECEIVED WARDEN'S OFFICE
FEB OLR2#: 2001
BROOKLYN CORRECTIONAL INSTITUTION

#6
#124

NAME OF GRIEVANT: C. Robinson       OFFICIAL CLASS TITLE: C/O

SHIFT ASSIGNMNT (1st)  2nd  3rd      DATE OF ALLEGED VIOLATION: 1-17-01

Indicate if this is a CONTRACTUAL OR DISCIPLINARY grievance:

☑ CONTRACT LANGUAGE VIOLATION (Indicate article and section): Art #3  sec #5

☐ DISCIPLINE GRIEVANCE / ARTICLE XIII: (File Directly to STEP III)
DISCIPLINARY ACTION TAKEN:  ☐ Dismissal  ☐ Suspension  ☐ Demotion  ☐ Other ___

STATEMENT OF GREIVANCE (FACTS INVOLVED)
DO NOT fill in this section if this is a Discipline Grievance. You must submit a copy of the Discipline letter with this form.

On 1-17-01 C.S.P. was called in to question officer Robinson on an inmate complaint of sexual harassment before any dept. investigation was done.

SPECIFIC REMEDY REQUESTED: Stop the pratice of disparate treatment.

I HEREBY DECLARE THAT ALL STATEMENTS MADE HEREIN ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND I DESIRE REPRESENTATION IN THIS GRIEVANCE AS FOLLOWS:

☐ MY REPRESENTATION WILL BE ___                ☐ I WILL REPRESENT MYSELF

_Robinson C_                                    _[signature]_
Signature of Employee                           Signature of Representative

DATE FILED AT STEP 1: 2/12/01

Step I – File within 15 days of the violation to: Facility Warden. Hearing and answer must be received within 10 days.

Step II – File no later than 15 days after filed at STEP I to: Commissioner, Department of Correction (DOC), 24 Wolcott Hill Rd., Wethersfield, CT 06109 and to the Union Office. Hearing and answer must be heard within 19 days.

Step III – File no later than 26 days after filed at STEP II to: Office of Labor Relations (OPM), 450 Capitol Avenue, MS53OLR, Hartford, CT 06134-1308 and AFSCME Council 4, 444 East Main Street, New Britain, CT 06051 and the Union Office.

*Note:* If a hearing is not held or if an answer is not received within contractual time limits, as stated in Article XIII, File to the next STEP.

*Appeal(s) and Answer(s) sections are on back of form.*   Remember to copy or fax both sides.

# EXHIBIT C

| Individual Summary | **INCIDENT REPORT - PAGE ____** <br> Connecticut Department of Correction | | CN6601 <br> 9-27-93 |
|---|---|---|---|
| Unit    BROOKLYN CI | Report No. | Report Date: | |
| Prepared by: | Title: | Date: | |
| Incident class | Type | Time | |

Sept 29.00. Advised By Out 3 Cert Commander Capt. Ford That He Recieved Phone Calls From Warden Jones and Major Martin. Also Warden Jones Called Major Bussier Demanding My (C/O Robinson C.) Removal From CERT For insubordination 10-4-00 informed Suspended Till Formal out come of charges These accusations were false and founded with no merit.

Warden Jones and Major Martin Had No Just Cause To Make Phone Calls To Slander This Officer. being out Right Harassment. Causing this officer Great embarrassment being Removed under False Accusations.

This is The Second Time Warden Jones Has Attempted To Remove This Officer From A Specialty Unit by Lying The First being Confined Space Rescue Team Where She Stated I use (38) Sick Days in One year. it was Founded That only "8" were used And I was Placed back on The C.S.R.T. After Step II Greivence

It is unknown To This Officer Why Warden Jones Lies and Slanders This Officer. In A Harressing Manner Causing Me Great Emotional Stress. I'am in Extreme Fear of Loosing My Job., If I am Being Disciplined For False Accusations By Warden Jones + Major Martin what will the Conspire Next.

Denieing My Right To Due Process. Constitutional Right

# EXHIBIT D

GRIEVANCE FORM A
CORRECTIONS UNIT NP4

Union Code: 1585   FOR OFFICIAL USE
AGENCY-FISCAL YR-SERIES

RECEIVED WARDEN'S OFFICE
SEP 29 2000
BROOKLYN CORRECTIONAL INSTITUTION

97

Name Of Grievant: Robinson

Official Class Title: Correction Officer

Date of Alleged Violation: Ongoing

Division or Unit: Brooklyn C.I.

Shift Assignment: (1st)  2nd  3rd
(Circle as Appropriate)

SPECIFIC CONTRACT PROVISION VIOLATED (Article, Section): Art 3 Sec 2 Art 13 Sec 8

Statement of Grievance (Facts and Issues Involved) all other applicable articles/sections Specifically several events have transpired in the past few weeks where Lt.'s Lalumeire and Pharah, and Warden Jones appear to be harassing officer Robinson. The Supervisors listed above have interrogated officer Robinson on several occasions regarding issues which "could result in discipline". On all of these interrogations, C/O Robinson requested Union Representation and was denned. The administration even resorted to coercion to have Robinson change an incident report, and formally counseled him for refusing to do so. The Counseling Statement was later pulled by the administration only after Central Office notified them of the legalities.

(See Reverse for Additional Space)

Specific Remedy Requested:
Cease and desist, to be made whole. If employee is interrogated in regard to incident which could result in discipline - give him a union steward. If employee is to be criticed it shall not be in the presence of others. Both Administrative Directive and NP4 Contract require that these discussions be in private.

(See Reverse for Additional Space)

I HEREBY DECLARE THAT ALL STATEMENTS MADE HEREIN ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND I DESIRE REPRESENTATINO IN THIS GRIEVANCE AS FOLLOWS:

Representative will be: Boyle                    I will Represent myself: ___

X for C/O Robinson
Signature of Employee

Signature of Representative

Date filed at Step 1: 29 Sept 00

Answer at Step 1: (Institution Head, Warden or Designee)

Grievance Denied - no contract violations. Supervisors encounter daily situations that require additional information for clarity of an instant circumstance.

Warden Sm__
Signature of Respondent

Date of Meeting

10/2/00
Date of Response

Grievance stands on its own merits...