UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER ROBINSON, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:02CV1470(CFD) |
| | : | |
| v. | : | |
| | : | |
| ROSETTA JONES, | : | |
| *Defendant* | : | December 8, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**

**MOTION TO STRIKE PORTIONS OF PLAINTIFF'S**

**RULE 56 STATEMENT AND EXHIBITS**

**I.   INTRODUCTION**

On October 13, 2004, the defendant Rosetta Jones ("Jones") moved for summary judgment on the plaintiff Christopher Robinson's ("Robinson") Complaint in this action. Robinson responded on November 3, 2004 by submitting his Local Rule 56 Statement; a Memorandum of Law and four exhibits (Exhibits A-D) appended to his Memorandum. The defendant has now moved to strike several of Robinson's exhibits because they are inadmissible hearsay and fail to meet minimum standards of trustworthiness. The defendant Jones also moves to strike every allegation in Robinson's Rule 56 Statement that is unsupported by citation to admissible evidence or which merely asserts legal conclusions.

## II.  MOTION TO STRIKE STANDARDS

Pursuant to Fed. R. Civ. P. 56(e):

> When a Motion for Summary Judgment is properly made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided for under this rule, must set forth specific facts showing that there is a genuine issue of fact for trial.

The Second Circuit Court of Appeals has repeatedly construed Rule 56(e) as permitting "only admissible evidence . . . to resist a motion for summary judgment . . . ." Rohman v. New York City Transit Authority, 215 F.3d 208, 218 n. 6 (2d Cir. 2000); see also Union Ins. Soc'y of Canton, Ltd. V. William Gluckin & Co., Inc., 353 F.2d 946, 952 (2d Cir. 1965) (holding that "conclusory statements and statements not made on personal knowledge do not comply with the requirements of Fed. R. Civ. P. 56(e) and, therefore, may not be considered"). The principles concerning admissibility of evidence do not change on a motion for summary judgment. Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).

A motion to strike is the proper vehicle to challenge materials submitted in connection with a summary judgment motion. Newport Electronics v. Newport Corp., 157 F.Supp. 2d 202, 208 (D.Conn. 2001). "A motion to strike is also appropriate if depositions contain testimony that contains hearsay, speculation or conclusory statements." Hollander v. American Cyanide Co., 999 F.Supp. 252, 255-56 (D.Conn. 1998). A motion to strike is also appropriate to challenge documents submitted in opposition to a motion for summary judgment which contain inadmissible hearsay, are incomplete or have not been properly authenticated. Spector v. Experian Information Services, Inc., et al., 321 F.Supp. 2d 348, 352 (D.Conn. 2004) citing Hollander v. American Cyanide Co., 999 F.Supp. 252, 255-56 and Dedyo v. Baker Engineering New York, Inc., Et al., 1998 U.S. Dist. LEXIS 132, 1998 WL 9376 at * 4 (S.D.N.Y. 1998).

III.    **ARGUMENT**

    A.    **THE COURT SHOULD STRIKE ROBINSON'S EXHIBITS A, B AND C BECAUSE THEY CONTAIN EXCLUSIVELY HEARSAY, ARE UNRELIABLE AS A MATTER OF LAW AND ARE NOT PROPERLY AUTHENTICATED.**

Robinson has appended three documents to his Memorandum In Opposition to Summary Judgment as exhibits which are inadmissible under the Rules of Evidence and should be stricken. These exhibits are hearsay, lack authentication and foundation and fail to meet minimum standards of reliability as set forth below.

        1.    **The Court Should Strike The Unsworn And Unsigned Letter of John Boyle, Robinson's Union Steward, to Captain Wayne Ford (Exhibit "A").**

The Court should strike Robinson's Exhibit "A", which purports to be a letter from a John Boyle, Steward 1565, relating to the supply corridor closet incident. The "letter" is unsworn, unsigned and is not verified in any way and is unquestionably hearsay. This "letter" is bereft of even the slightest indicia of reliability.

The plain text of this "letter" illustrates that Boyle has no first hand knowledge of any alleged call or communication that defendant Jones made to Ford regarding the "closet" incident. The first sentence of the "letter" states that the author, Boyle, has been informed that the warden contacted Ford. Quite apart from its conclusory assertions, the "letter" presents unsworn testimony by a non-party. An unsworn statement may not be considered for a summary judgment motion. Chaiken v.VV Publishing Corp., 119 F.3d 1018, 1033 (2d Cir. 1997) cert. denied, 522 U.S. 1149 (1998).

Exhibit "A" to plaintiff's opposition memorandum is unsworn, unsigned and unauthenticated. As such it must be stricken and disregarded.

    2.    **The Court Should Likewise Strike The Grievance Form Concerning An Alleged Contract Violation Dated February 2, 2001. (Exhibit "B").**

Exhibit B appended to Robinson's summary judgment opposition memorandum purports to be a collective bargaining agreement grievance form. The document appears to be dated February 1, 2001 and is apparently signed by Robinson and an unidentifiable union representative. The document is not submitted under oath.

The document contains the following language: "On January 17, 2001, the "CSP" (Connecticut State Police) was called in to question Officer Robinson on an inmate complaint of sexual harassment before any department investigation was done. Stop the practice of disparate treatment." The document is offered for the truth of the proposition that the State Police were called in to question the plaintiff before any department investigation was done. The document does not identify who called in the State Police to question Robinson. The document ends with the conclusory assertion "Stop the practice of disparate treatment." Exhibit "B" is clearly hearsay and must be stricken. It contains only unsupported, conclusory assertions and has no indicia of reliability. It has no probative value and is extremely prejudicial to defendant.

    3.    **Exhibit "C" Similarly Must Be Stricken As An Unsigned And UnSworn Statement Apparently Prepared In Anticipation Of This Litigation.**

Exhibit "C" to plaintiff's opposition must be stricken for similar reasons to those set forth above. The document is unsigned and unsworn containing the self serving conclusory assertions of, apparently, the plaintiff. The document was clearly prepared in anticipation of litigation and

4

is unreliable. The document contains only conclusory assertions, e.g., "It is unknown to this Officer [plaintiff] why Warden Jones lies and slanders this officer in a harassing manner causing me great emotional stress." Exhibit "C" must be stricken because it has not been properly authenticated, contains conclusory assertions and is unsworn. The assertions contained in Exhibit "C" are equivalent to the allegations in plaintiff's complaint which do not constitute admissible "evidence." Rule 56(e) specifically provides that a party opposing summary judgment may not rest upon the mere allegations of his pleadings. Fed. R.Civ. P. 56(e).

### B. PORTIONS OF PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT MUST BE STRICKEN BECAUSE THEY REST UPON INADMISSIBLE EVIDENCE.

The Local Rules of Civil Procedure have clearly and concisely defined the evidentiary standards for opposing summary judgment. Pursuant to Local Rule 56:

> Each statement of material fact by . . . an opponent in a Local Rule 56(2) Statement must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.

Robinson's Rule 56(2) Statement and Opposition Memorandum are filled with sweeping generalizations, legal conclusions and sheer speculation having no evidentiary or factual support. The defendant requests that the Court strike the portions of Robinson's 56(2) Statement which do not comply with Rule 56(2). The specific examples that the defendant wishes to point out are as follows:

1. Paragraph 1 of plaintiff's "Statement of Material Facts" must be stricken because it relies wholly on plaintiff's conclusory Interrogatory response which has not been supported by independent admissible evidence. See Pltf.'s Interrogatory Responses 2(b). When asked what

5

facts plaintiff based his assertion that defendant Jones ordered Lalumiere to harass him, plaintiff responded that the allegation was made "upon information and belief." Id. ¶ 7.

2. Paragraph 4 of plaintiff's statement is unsupported by the record and is speculative and conclusory. Plaintiff's conclusion that Lt. Lalumiere could not have issued an order to plaintiff to remove a portion of his Incident Report is unsupported and relies wholly on plaintiff's conclusory Interrogatory responses. See 1 above.

3. Paragraph 5 is unsupported by the record and is based wholly on plaintiff's conclusory assertions.

4. Paragraph 6 is wholly conclusory and relies exclusively on inadmissible evidence, i.e., "Boyle's letter." Exhibit "A" to plaintiff's Opposition Memorandum.

5. Paragraph 7 is unsupported, wholly conclusory and relies exclusively on inadmissible evidence, i.e., the "Boyle letter."

6. Paragraph 8 is wholly conclusory, unsupported by the record and relies on inadmissible evidence, i.e., the "Boyle letter."

7. Paragraph 9 is wholly conclusory, unsupported by record facts except to the extent that defendant Jones did reject plaintiff's grievance (Exhibit "D") on the grounds that there was "no contract violation – supervisors encounter daily situations that require additional information for clarity of an instant circumstance." Id.

8. Paragraph 10 is conclusory and unsupported by the record. Plaintiff was reprimanded for failure to respond to Lt. Lalumiere's questions on one occasion and Lt. Phaia's questions on another occasion. The evidence reflects that Deputy Warden Martin issued the reprimand. Defendant's Ex. 1, Dep. Ex. 9.

9.      Paragraph 11 of the Local Rule 56(2) Statement is based on totally inadmissible "evidence." The "Incident Report" plaintiff references (Exhibit "C" to Pltf.'s Opp. Memo.) has previously been shown to be fatally flawed. The report is unsigned and consists entirely of plaintiff's unsupported allegations. Further, there is no admissible evidence anywhere in the record supporting the claim that defendant Jones called Major Bussiere and Captain Davis "to demand that the plaintiff be removed from the C.E.R.T. and other specialized units within the Department." This claim is supported in its entirety by hearsay, double hearsay and triple hearsay. See e.g., Ex. A to Pltf.'s Opp. Memo. "I have been informed that the warden . . . contacted you."

10.     Paragraph 12 of plaintiff's Statement is likewise entirely based on hearsay. See ¶ 9 above.

11.     Paragraph 13 of plaintiff's statement is based on inadmissible evidence. See plaintiff's conclusory responses to defendant's Interrogatories plaintiff cites at ¶¶ 11 and 12. There is absolutely no evidence that defendant called the Connecticut State Police to investigate the plaintiff as plaintiff alleges. These assertions are based entirely on hearsay that plaintiff claims came from the investigating Trooper. The State Police report concerning the investigation does not confirm plaintiff's allegations. See Defendant's Exhibit 1, Dep. Ex. 14, State Police Report.

12.     Paragraph 14 of Plaintiff's Statement is not supported by admissible evidence. Moreover, plaintiff testified at his deposition that he didn't know for a fact whether the two comparators had been investigated. Pltf.'s Dep. at pp. 158, 159.

13.     Paragraph 15 of plaintiff's Statement must be stricken to the extent it states that a written grievance was filed by plaintiff's union "under oath." Exhibit "B" to plaintiff's

7

Opposition is a statement plainly not under oath. Further, Exhibit "B" should be stricken for the reasons set forth above.

14. Paragraph 17 of Plaintiff's Statement is wholly unsupported by citation to admissible evidence.

15. The allegations contained in paragraph 19 are similarly unsupported and represent pure speculation.

16. The assertions contained in paragraph 20 are likewise plaintiff's conclusory allegations not based on fact. Plaintiff as a Correction Officer was not in a position to have personal knowledge concerning the operation of the facility by supervisory personnel.

## IV.   CONCLUSION

Robinson has submitted hearsay exhibits that fail to even approach minimum standards of reliability and admissibility. Furthermore, Robinson's Rule 56 Statement is almost totally comprised of hearsay and unsupported statements. The Court should strike from the record the exhibits and Local Rule 56(2) Statement paragraphs enumerated above.

        DEFENDANT

        ROSETTA JONES

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY: _____
        Edward F. Osswalt
        Assistant Attorney General
        Federal Bar No. ct15252
        55 Elm Street
        P.O. Box 120
        Hartford, CT  06141-0120
        Tel: (860) 808-5340
        Fax: (860) 808-5385
        E-Mail: Edward.Osswalt@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum of Law was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 8th day of December, 2004, first class postage prepaid to:

John Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510
Tel.: (203) 562-9931
Fax: (203) 776-9494

_____
Edward F. Osswalt
Assistant Attorney General

9