UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER ROBINSON, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:02CV1470(CFD) |
| | : | |
| v. | : | |
| | : | |
| ROSETTA JONES, | : | DECEMBER 8, 2004 |
| *Defendant* | | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

The defendant respectfully submits this response to plaintiff's opposition to her motion for summary judgment. Plaintiff fails utterly to provide factual or legal support for either his First Amendment retaliation claim or the so-called "Olech class of one" Equal Protection claim. Plaintiff's First Amendment claim fails because the record indisputably discloses that plaintiff's claimed expressive association/speech is not constitutionally protected. Moreover, plaintiff fails to create a genuine issue of material fact relative to the causation and adverse action elements of his First Amendment retaliation claim.

Plaintiff's Olech Equal Protection claim fails because he can point to no admissible evidence that he was treated by the defendant differently from any other employee and that there were no rational reasons for such treatment. Defendant is accordingly entitled to judgment as a matter of law on plaintiff's equal protection claim as well.

Finally, the defendant is constrained to note that the plaintiff's opposition papers are rife with citations to inadmissible evidence, replete with unsupported factual assertions and misstate,

in some instances, the undisputed record facts. The defendant has filed a Motion to Strike exhibits and unsupported factual assertions contained in plaintiff's opposition papers of even date herewith with an accompanying Memorandum of Law. That Memorandum more particularly sets forth the evidentiary deficiencies in plaintiff's opposition papers and reference to such Memorandum is hereby respectfully made. Suffice it here to point out that plaintiff's self-serving, conclusory, factually unsubstantiated and unexplained assertions are insufficient to establish a genuine issue of fact to defeat summary judgment. See e.g., Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996). The defendant has demonstrated the total absence of admissible evidence supporting essential elements of plaintiff's claims and is, therefore, entitled to summary judgment. See Goenaga v. March of Dimes, 51 F.3d 14, 18 (2d Cir. 1995).

## II. ARGUMENT

### A. Plaintiff's First Amendment Claim Fails.

Plaintiff has apparently changed his perspective of the factual underpinnings of his First Amendment claim, at least from the version he provided in his deposition where he testified that the defendant's course of retaliation stemmed from a joke he perpetrated in the Rowland/Kennelly gubernatorial campaign. See Pltf.'s Dep. at pp.72-76. Now, plaintiff claims that his First Amendment protected activity at issue here occurred on August 12, 2000 when Lt. Lalumiere ordered him to amend his "bottles in the closet" incident report to delete reference to his conversation with Lt. Bell about the bottles days earlier. ("The genesis of the defendant's vendetta against the plaintiff appears to be his compliance with OSHA requirements in reporting a physically hazardous condition affecting the safety of employees at the Brooklyn Correctional Institution and his refusal to retract that report when ordered to do so." Pltf.'s Opposition Memo

at p. 11). Plaintiff concedes in his opposition brief that any earlier incidents of claimed protected speech/association are "not a part of the plaintiff's constitutional claim here." Id., p. 16, fn. 3. It is clear that the "bottle" speech is not First Amendment protected, irrespective of the newly articulated OSHA "spin" plaintiff places on it.

> 1. **The Undisputed Admissible Record Evidence Demonstrates That Plaintiff's Claimed Speech/Association Was Not On A Matter Of Public Concern And, Therefore, Not Protected As A Matter Of Law.**

Plaintiff points to no admissible evidence concerning the alleged "OSHA complaint" he says he was attempting to make in the incident report of August 12, 2000. The sole document in the record even mentioning an alleged OSHA claim is an <u>unsigned</u> and <u>unsworn</u> letter from plaintiff's union steward (Boyle) appended to plaintiff's opposition Memorandum as Exhibit "A." That letter, dated September 30, 2000 (six weeks <u>after</u> he authored the Incident Report) should be stricken for all the reasons stated in defendants memorandum in support of her motion to strike submitted herewith.

However, Boyle's "letter" (Exhibit "A") does confirm plaintiff's deposition testimony in one significant respect that he was motivated to include reference to his earlier conversation with Lt. Bell about the bottles in the August 12, 2000 report because he wanted to document the cause of <u>his</u> injury on August 12, 2000. See also plaintiff's deposition testimony at p. 92:

> Q. All right. Now, Lalumiere told you to file an IR. When did you file the IR?
>
> A. I believe that I was did it right away, right after seeking the medical attention.
>
> Q. August 12th?
>
> A. Yes.
>
> Q. And you gave it to Lalumiere; is that what you did?
>
> A. Yes.
>
> Q. And he said, Wait a second. Delete a line in the IR?

      A.      Yes.  <u>He wanted me to delete a section to the Incident Report and I said that was pertinent information to the cause of the injury</u>.  I can't falsify a statement because of your –

      Q.      What did he want you to delete?

      A.      The statement that I had reported the incident a week prior to Lieutenant Bell.

      Q.      Okay.  He said that that doesn't belong in this incident report?

      A.      That's what he said.  He said that it doesn't belong in the incident report.

      Q.      And did he say that you should have filed an Incident Report on August 8th?

      A.      No, he did not.

<u>Pltf.'s Dep.</u> at p. 92 (emphasis added).

It is patently clear that there existed no altruistic motive behind plaintiff's desire to include reference to the prior conversation he had with Bell in the August 12, 2000 Incident Report.  Plaintiff's own testimony is that he objected to the deletion of the Bell conversation reference because he wanted to document that management was aware of the conditions that he claimed caused <u>his own</u> injury.  There is nothing in the record to support an inference that plaintiff wanted to report a hazardous condition for safety reasons relating to himself or colleagues.  If plaintiff was concerned about the "hazard" he could have reported it in writing on August 8, 2000. Plaintiff failed to take any action to document the alleged hazardous conditions until four days after his conversation with Bell about the bottles and then because he wanted to document the cause of <u>his own</u> injury.

Clearly, the speech which plaintiff claims resulted in retaliation by the defendant was made in the context of his own personal work situation and thus was not on a matter of public concern.  <u>Ezekwo v. New York City Health & Hosp. Corp.</u>, 940 F.2d 775, 781 (2d Cir. 1991).  The Court should reject the OSHA rationale now offered in favor of the actual facts in the record in assessing whether plaintiff's speech was on a matter of public concern.  See <u>Pappas v.</u>

4

Giuliani, 118 F.Supp. 2d 443, 444 (S.D.N.Y. 2000) ("Courts must look behind pretextual 'public concern' rationales proffered by plaintiffs and attempt to discern whether their conduct, taken as a whole, was actually meant to address matters of public concern or was simply a vehicle for furthering private interests.")  The undisputed evidence is that plaintiff was directed to write an incident report concerning the circumstances surrounding his "fall."  He did not volunteer the supposedly hazardous closet information out of any concern for public safety.  Rather, he wanted to document his own injury.

Plaintiff's opposition papers severely downplay the two subsequent incidents in August and September, 2000 which had been previously claimed to involve protected union associational activity, perhaps in acknowledgement of this Court's decision in Petrario v. Cutler, 187 F.Supp. 2d 26 (D.Conn. 2002).  In each instance plaintiff refused to respond to his lieutenant's questions while on the job, claiming he had a right to union representation before he answered.  Both of these situations clearly involved plaintiff's personal working situation and not matters of public concern.  Further, plaintiff's refusal to answer a superior's questions concerning unfolding prison situations until a union representative could be present is clearly disruptive to the safe operation of the facility.

Despite plaintiff's conclusory assertions to the contrary, the context of plaintiff's speech, as revealed by the record, does not permit a Finding that it embraced matters of public concern.

Moreover, plaintiff's opposition papers fail to counter defendant's arguments set forth in her principal memorandum regarding the causation and adverse action elements of his First Amendment claim.  See Defendant's Principal Memo at pp. 14-20.

### B. Plaintiff Fails To Establish A "Class of One" Equal Protection Claim.

The plaintiff clearly has not discharged his burden under either prong of the <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 120 S.Ct. 1073-75 (2000) "class of one" test. See Pltf.'s Brf. At pp. 18-21. First, plaintiff points to no admissible evidence in the record showing that he was treated differently from other similarly situated individuals.[1] Plaintiff relies exclusively on unsupported, speculative and conclusory assertions to describe his purported comparators without benefit of citation to admissible evidence in the record. For example, in his brief plaintiff asserts that defendant removed him from the Confined Space Rescue Team because of excessive absences while every other member of "C.E.R.T." (sic) had used vacation and personal leave "in the same way the plaintiff had . . . ."[2] Pltf.'s Memo at p. 19.

With respect to the excessive absences, plaintiff admitted at his deposition he did not know whether other members of the Confined Space Rescue Team had thirty-eight (38) absences in a year's time as he had. Pltf.'s Dep. Tr. at p. 162. Plaintiff also admitted at his deposition that he in fact had no personal knowledge of whether two other Correction officers whom he says were accused by inmates of sexual misconduct were <u>not</u> investigated by the State Police.[3] <u>Id.</u> at

---

[1] Although the general rule is that whether two individuals are similarly situated is a factual issue that should be left to a jury, "[t]his rule is not absolute . . . and a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met." <u>Harlen Assocs., Inc. v. Village of Mineola</u>, 273 F.3d 454, 499 at n. 2 (2d Cir. 2001).

[2] Plaintiff obviously confuses the record. Plaintiff was removed from the Confined Space Rescue Team for excessive absences in 1998. Dep. Tr. at 65, 72. Plaintiff's removal from the C.E.R.T. came in October of 2000 as a result of pending discipline charges resulting from his insubordination in failing to respond to Lieutenant Lalumiere and Lieutenant Phaia without first obtaining union representation.

[3] There is no admissible evidence that defendant Jones called in the State Police in any event.

p. 158.  The entire recitation advanced by plaintiff of how the State Police came to investigate the harassment complaint against him represents plaintiff's pure speculation.  Further, plaintiff cannot demonstrate that it was irrational or unreasonable for the defendant Jones to remove him from the Confined Space Rescue Team because of his attendance record.  Dependability in terms of attendance is a key factor for membership on this team.  Plaintiff did not display that quality.  Plaintiff himself testified that members of the special teams were held to a "higher standard."

The rational basis standard applied to assess governmental action is properly low.  The Second Circuit has held that a government body acts irrationally only when actions are taken "with no legitimate reason for its decision."  Harlen Assocs. v. Village of Mineola, 273 F.3d 454, 500, (2d Cir. 2001).  Plaintiff has not presented evidence to establish an "Olech" claim.

### C.    Defendant's Personal Involvement

Moreover, plaintiff's conclusory assertions regarding defendant's personal involvement are patently insufficient to create a genuine issue of fact relative to this element of his case.[4]  Plaintiff's conclusory statements that the warden "ran a tight ship" and that nothing happened without the warden's say so at the facility are plainly insufficient to create an issue of fact.  Plaintiff can point to the denial of his "union association" grievance by Jones (Exhibit "D" to Pltf.'s brief) and his removal from the Confined Space Rescue Team as occasions when defendant Jones was "personally involved."  However, the grievance was denied by Jones

---

[4] Plaintiff's attempt to place the burden of presenting evidence as to defendant's non-involvement is misguided.  It is not open to dispute that the presentation of evidence as to the personal involvement of the defendant in a constitutional tort is the plaintiff's burden.  There is no admissible evidence of such involvement other than the conclusory assertions of plaintiff.

7

because she recognized that the welfare of Correction Officers and inmates alike required that immediate, on the scene responses to supervisor's questions be forthcoming. Defendant Jones removed plaintiff from the Confined Space Rescue Team because he had exhibited undependability as a member due to excessive absence. Plaintiff fails to shoulder his burden concerning the defendant's personal involvement in any constitutional deprivation as more particularly set forth in defendant's principal Memorandum. See Deft.'s Memo. At pp. 26-28.

### D. Jones Is Entitled To Qualified Immunity.

The defendant Jones is entitled to Qualified Immunity because the record demonstrates that she at all times acted reasonably vis a vis plaintiff, not withstanding his wholly conclusory and unsupported allegations of unconstitutional animus. Moreover, plaintiff fails to set forth a cognizable claim of constitutional deprivation in the first instance.

### III. CONCLUSION

For all of the foregoing reasons, and those contained in defendant's principal Memorandum, judgment as a matter of law should enter for the defendant.

                        DEFENDANT
                        ROSETTA JONES

                        RICHARD BLUMENTHAL
                        ATTORNEY GENERAL


BY: _____
      Edward F. Osswalt
      Assistant Attorney General
      Federal Bar No. ct15252
      55 Elm Street
      P.O. Box 120
      Hartford, CT  06141-0120
      Tel: (860) 808-5340
      Fax: (860) 808-5385
      E-Mail: Edward.Osswalt@po.state.ct.us


**CERTIFICATION**

I hereby certify that a copy of the foregoing, Reply Memorandum of Law In Support Of Defendant's Motion for Summary Judgment, was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 8th day of December, 2004, first class postage prepaid to:

John Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Tel.:  (203) 562-9931
Fax:  (203) 776-9494


_____
Edward F. Osswalt
Assistant Attorney General

Case 3:02-cv-01470-CFD   Document 46   Filed 12/22/2004   Page 10 of 10